**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PAUL EDWARD BEARDEN,** | ) | |
| **ID # 804833,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:20-CV-3018-C-BH** |
| | ) | |
| **DIRECTOR, Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on October 1, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## I.    BACKGROUND

Paul Edward Bearden (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 convictions and sentences in Cause Nos. F95-74525 and F95-74527 in the 292nd Judicial District Court of Dallas County, Texas. (*See* doc. 3 at 3.)[2] The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On August 28, 1997, Petitioner was convicted of aggravated sexual assault of a child under 14 and sexual assault of a child under 17 in Cause Nos. F95-74525 and F95-74527, respectively.[3]

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the current action, 3:20-CV-3018-C-BH.

[3] Petitioner also received a two-year sentence for criminal solicitation to commit murder on October 16, 1997, in Cause No. F96-77432. *See* https://offender.tdcj.texas.gov/OffenderSearch (last visited Oct. 5, 2020). Petitioner is not

*See State v. Bearden*, No. F95-74525 (292nd Jud. Dist. Ct.), *available at* http://dallascounty.org/services/public-access.php (last visited Oct. 5, 2020); *State v. Bearden*, No. F95-74527 (292nd Jud. Dist. Ct.), *available at* http://dallascounty.org/services/public-access.php (last visited Oct. 5, 2020). He was sentenced to twenty years' imprisonment in the sexual assault case and life imprisonment in the aggravated sexual assault case, and was assessed a $10,000 fine in each case. *See id.*; https://offender.tdcj.texas.gov/OffenderSearch (last visited Oct. 5, 2020). The judgments were affirmed on appeal by the Fifth District Court of Appeals. *See Bearden v. State*, Nos. 05-97-01550-CR, 05-97-01556-CR, 1999 WL 528937 (Tex. App. – Dallas, July 26, 1999, no pet.). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (*See* doc. 3 at 3.)

Petitioner's state habeas applications, received and deemed filed on May 7, 1998, July 10, 2000, and January 5, 2001, were denied without a written order. *See Ex parte Bearden*, No. WR-37,545-01 (Tex. Crim. App. May 27, 1998); *Ex parte Bearden*, No. WR-37,545-02 (Tex. Crim. App. Sept. 13, 2000); *Ex parte Bearden*, No. WR-37,545-03 (Tex. Crim. App. Feb. 7, 2001). Petitioner filed another state habeas application on December 1, 2016, which he voluntarily dismissed. *See Ex parte Bearden*, No. WR-37,545-04 (Tex. Crim. App. Dec. 14, 2016). Petitioner's subsequent state habeas applications, received and deemed filed on April 15, 2020, were dismissed without written order. *See Ex parte Bearden*, No. WR-37,545-05 (Tex. Crim. App. Aug. 12, 2020); *Ex parte Bearden*, No. WR-37,545-06 (Tex. Crim. App. Aug. 12, 2020).

On February 20, 2001, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his convictions on the grounds that his trial counsel was ineffective and that he was denied a fair trial because he was tried on both charges in a single trial. *See Bearden v. Cockrell*, No. 3:01-CV-

---

challenging this sentence or conviction in his habeas petition.

0332-P, 2002 WL 870087, at *5 (N.D. Tex. Apr. 30, 2002).  The petition was denied with prejudice on April 30, 2002.  *See id.* at *1, 10.  On June 5, 2006, Petitioner filed a motion for relief from judgment which was construed as a habeas petition under § 2254 and transferred to the United States Court of Appeals for the Fifth Circuit.  (*See* No. 3:06-CV-1989-P, docs. 1, 5.)  The Fifth Circuit dismissed the petition for want of prosecution on January 12, 2007.  (*See id.*, doc. 6.)

Petitioner now challenges his state convictions and sentences on two grounds:

(1) Actual Innocence – Newly discovered evidence proves that but for ineffective assistance of counsel it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt; and

(2) Actual Innocence – Newly discovered evidence proves that but for prosecutorial misconduct and judicial misconduct no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

(doc. 3 at 7.)  The newly discovered evidence consists of an alleged 1995 investigative report from Child Protective Services (CPS) and alleged medical reports of an examination performed on the victim of Petitioner's crimes.  (*See id.*)

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324

F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions and sentences that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 3 at 2, 7-9); *See Bearden*, 2002 WL 870087, at *6-10. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition

4

challenging the same convictions.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody* should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v.*

*Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), as successive.

   **SIGNED this 6th day of October, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6