IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL EDWARD BEARDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| DIRECTOR, TDCJ-CID, ) | |
| ) | |
| Respondent. ) | Civil Action No. 3:20-CV-3018-C-BH |

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge therein advising the Court that Petitioner's Petition for a Writ of Habeas Corpus should be transferred to the United States Court of Appeals for the Fifth Circuit as successive.[1]

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a *de novo* review, the Court finds that Petitioner's objections should be **OVERRULED**. The Court has further conducted an independent review of the Magistrate Judge's findings and conclusions and finds no error. It is

---

[1] Petitioner filed objections to the Magistrate Judge's Findings, Conclusions, and Recommendation on October 19, 2020.

therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court. For the reasons stated therein, Petitioner's successive Petition under 28 U.S.C. § 2254 shall be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), by separate judgment.[2]

SO ORDERED this 26th day of October, 2020.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability (COA) is not required to appeal an order transferring a successive habeas petition. *See In re Garrett*, 633 F. App'x 260, 261 (5th Cir. 2016); *United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015).